UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAMADA WORLDWIDE INC. formerly known as RAMADA FRANCHISE SYSTEMS, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**SB HOTEL MANGEMENT INC.,** *et al.***,**<br><br>Defendants. | Civ. No. 2:14-02186 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Ramada Worldwide Inc. f/k/a Ramada Franchise Systems, Inc. ("RWI") brings this action against Defendants SB Hotel Management, Inc. ("SB Hotel"), Amarjit Singh ("A. Singh"), Surinder Singh ("S. Singh"), and Kenwahl Singh ("K. Singh"). Plaintiff alleges that Defendants breached a license agreement for the operation of a Ramada Inn. This matter comes before the Court on Defendants' motion to dismiss for improper venue under Federal Rules of Civil Procedure 12(b)(3) or, alternatively, to transfer venue under 28 U.S.C. § 1404(a). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court will **DENY** Defendants' motion.

**I.   BACKGROUND**

Plaintiff RWI is a Delaware corporation with its principle place of business in Parsippany, New Jersey. Compl. ¶ 1. RWI is engaged in guest lodging facility franchise operations throughout the United States. Defendant SB Hotel is a Minnesota Corporation with its principal place of business in Minneapolis, Minnesota. Compl. ¶ 2. Defendants A. Singh, S., Singh, and K. Singh (together, the "Principals") are principals of SB Hotel. Compl. ¶¶ 3-4. A. Singh and S. Singh are citizens of Minnesota, and K. Singh is a citizen of Wisconsin. Compl. ¶¶ 3-4.

On April 13, 2004, SB Hotel entered into a license agreement (the "Franchise Agreement") with RWI for the operation of a Ramada Inn located in Eau Clair, Wisconsin. Compl. ¶ 10. Under the Franchise Agreement, SB Hotel was required to make certain periodic payments to RWI. Compl. Ex. A at §§ 7, 18, and Schedule C. SB Hotel also entered into an Addendum to the Franchise Agreement (the "Minnesota

1

Addendum") with RWI, pursuant to the Minnesota Franchise Act, Minn. Stat. 80C.01 *et seq*. (the "Act").  Compl. ¶ 17.  Section 4 of the Minnesota Addendum provides that SB would pay certain damages in the event of an early termination of the Franchise Agreement.  Compl. Ex. B.  Additionally, effective as of the date of the Franchise Agreement, the Principals provided RWI with a guaranty of SB Hotel's obligations under the Franchise Agreement (the "Guaranty").  Compl. ¶ 20, Ex. C.

RWI alleges that, on August 8, 2013, SB Hotel unilaterally terminated the Franchise Agreement.  Compl. ¶ 23.  RWI initiated the instant action against Defendants to recover outstanding fees and damages.

## II.  DISCUSSION

Defendants' arguments are confusing and, frankly, inconsistent.  Defendants argue that dismissal under Rule 12(b)(3) is warranted because the parties have, through a forum selection clause, expressly chosen Minnesota as the venue for all litigation.  Alternatively, Defendants ask the Court to transfer this case to Minnesota under 28 U.S.C. § 1404(a).  In their reply, Defendants "incorporate by reference" their previous arguments, but also seem to concede that the parties consented to personal jurisdiction in New Jersey.  Defs.'s Reply Br. 1, ECF No. 15.  They then argue that the forum selection clause is ambiguous and invalid.

As an initial matter, Defendants incorrectly seek dismissal under Rule 12(b)(3).  Rule 12(b)(3) is not the proper procedural mechanism for enforcing a forum selection clause.  *See generally Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013).  Further – contrary to Defendants' initial assertions – the forum selection clause does not require the parties to litigate in Minnesota.  Rather, the forum selection clause, which is neither ambiguous nor invalid, creates non-exclusive personal jurisdiction and venue in New Jersey courts.  Finally, as explained below, transfer is not warranted under Section 1404(a).

### A. The forum selection clause unambiguously provides for non-exclusive jurisdiction in New Jersey.

A review of the relevant contractual provisions is helpful at this juncture.  Section 17.6.3 of the Franchise Agreement includes a forum selection clause, which states:

> You consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you.

Compl. Ex. A at § 17.6.3.  Section 1 of the Minnesota Addendum amends Section 17.6.3 of the Franchise Agreement by adding the following two sentences:

> Minnesota Statutes, Section 80C.21 and Minn. Rule 2860.440J prohibit us from requiring litigation to be conducted outside Minnesota.  Nothing in the Offering Circular or this Agreement can abrogate or reduce any of your rights as provided for in Minnesota Statutes 1987, Chapter 80C, or your rights to any procedure, forum or remedies provided for by the laws of Minnesota.

Compl. Ex. B at § 1.

     Defendants rely on Section 1 of the Minnesota Addendum and the Minnesota laws referenced therein to support their claim that the parties agreed to a forum selection clause in Minnesota.  Section 80C.21 states:

> Any condition, stipulation or provision, including any choice of law provision, purporting to bind any person who, at the time of acquiring a franchise is a resident of this state, or, in the case of a partnership or corporation, organized or incorporated under the laws of this state, or purporting to bind a person acquiring any franchise to be operated in this state to waive compliance or which has the effect of waiving compliance with any provision of sections 80C.01 to 80C.22 or any rule or order thereunder is void.

Minn. Stat. § 80C.21.  Minnesota Rule 2860.440J provides, in relevant part, that:

> It shall be unfair and inequitable for any person to:
>
>     \*    \*    \*
>
> J.  require a franchissee to waive his or her rights to a jury trial or to waive rights to any procedure, forum, or remedies provided for by the laws of the jurisdiction . . . .

     Defendants argue that the Minnesota Addendum subjects the Franchise Agreement to Section 80.C.21 and Minnesota Rule 2860.440J, creating a valid forum selection clause in Minnesota.  Defendants thus contend that Plaintiff is precluded from filing suit outside of Minnesota.  Defendants also argue, alternatively, that the contractual provisions are ambiguous.

     Plaintiff counters that Section 1 does not create a forum selection clause in Minnesota, but merely provides that waivers of protections afforded by the Act and the corresponding Minnesota Rules are prohibited.  Thus – as Section 1 clearly states – the parties cannot be prevented from seeking redress in a Minnesota court.  Further, Plaintiff

maintains that Defendant's argument that venue is improper in New Jersey is meritless, as the parties unambiguously consented to this Court's venue. The Court agrees.

A plain reading of Section 80.C.21 indicates that it is designed to prohibit waiver of the protections afforded to franchisees by the Act. Essentially, under the Act and Minnesota Rule 2860.440J, a franchisor cannot prevent a Minnesota franchisee from filing suit in its "home" court in Minnesota. Defendants' ability to file suit in Minnesota thus cannot be contractually waived. *See Ramada Worldwide, Inc. v. Grand Rios Investments, LLC*, No. 13-3878, 2013 WL 5773085, at *3 (D.N.J. Oct. 23, 2013). Here, Section 17.6.3 requires that Defendants assent to the "non-exclusive personal jurisdiction" of New Jersey courts. And Section 1 of the Minnesota Addendum states that Minnesota law "prohibit[s] [RWI] from requiring litigation to be conducted outside Minnesota." Together, these provisions unambiguously provide that the parties consent to New Jersey as a proper forum, while also permitting them to initiate litigation in Minnesota – as required by the Act.

### A.  The forum selection clause is valid and enforceable.

Further, the Court finds that the forum selection clause is valid and enforceable. Federal law governs the enforceability of a forum selection clause in a diversity case. *Cadapult Graphic Systems, Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 563 (D.N.J. 2000). A forum selection clause is presumptively valid unless "the resisting party makes a 'strong showing' that the clause is 'unreasonable.'" *Cadapult Graphic Systems*, 98 F. Supp. 2d at 564-65 (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). A forum selection clause is "unreasonable" if the party opposing it establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983); *see also Bremen*, 407 U.S. at 15. Here, Defendants have not made a "strong showing" regarding any of these elements. First, Defendants have produced no evidence of fraud or overreaching. Second, as explained above, the forum selection clause does not violate Minnesota public policy as set forth in the Minnesota Franchise Act.

Third, Defendants have not shown that enforcement of the clause would result in a litigation so seriously inconvenient that it would be unreasonable. A party arguing that a forum selection clause is so seriously inconvenient that it is "'unreasonable' must meet a strict standard of proof." *Danka Funding, L.L.C v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 471 (quoting *In Re Diaz Contracting, Inc.*, 817 F.2d 1047, 1051 (3d Cir. 1987)). The objecting party must show more than "mere inconvenience or additional expense." *Banc Auto, Inc. v. Dealer Servs. Corp.*, No. 08-3017, 2008 WL 4055830, at *3 (E.D. Pa. Aug. 28, 2008). A court should decline to enforce a clause only where the forum specified would be so seriously inconvenient that the defendants would be effectively denied their day in court. *Danka Funding*, 21 F.

Supp. 2d at 471 (quoting *In Re Diaz Contracting, Inc.*, 817 F.2d at 1051). Here, Defendant has produced affidavits showing that non-party witnesses will experience difficulties traveling to New Jersey to testify due to family and work responsibilities. They further argue that Defendants A. Singh and S. Singh reside in Minnesota and that traveling to New Jersey for trial will cause them considerable financial strain. The Court agrees that litigating in New Jersey will be inconvenient for Defendants. However, this inconvenience was foreseeable at the time Defendants entered into the Franchise Agreement and does not, standing alone, render enforcement unreasonable. *Fuller Co. v. RDM Tech.*, No. 99-1684, 1999 WL 961217, at *3 (E.D. Pa. Oct. 15, 1999). Because Defendants do not claim that their witnesses would be unavailable or that they would otherwise be unable to litigate in New Jersey, enforcing the forum selection clause would not effectively deny Defendants of their day in Court. *See De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP*, No. 08-00533, 2008 WL 4822033, at *5 (E.D. Pa. Nov. 4, 2008).

The Court thus finds that the forum selection clause, which provides for the non-exclusive jurisdiction of New Jersey courts, is valid and enforceable. The Court will next assess whether transfer is warranted under Section 1404(a).

### B. Transfer to Minnesota is not warranted under Section 1404(a).

Section 1404(a) permits a district court "[f]or the convenience of parties and witnesses, [and] in the interest of justice" to transfer an action to another district where it could have been initiated. An action could have been brought in another district if: (1) venue is proper in that district, and (2) that district can exercise personal jurisdiction over all the parties. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir.1970). Accordingly, a court evaluating a transfer motion must first determine whether personal jurisdiction and venue would be proper in the transferee district. *Marino v. Kent Line Int'l*, 2002 WL 31618496, at *2 (E.D. Pa. Nov.20, 2002) (citing *Pro Spice, Inc. v. Omni Trade Group, Inc.*, 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001)).

If the first prong of the inquiry is satisfied, a court must next weigh a series of private and public factors to determine whether transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The "private interests" factors include: (1) plaintiff's choice of forum; (2) defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. *See Wallace v. Mercantile Cnty. Bank*, 2006 WL 3302490, at *3 (E.D. Pa. Nov. 9, 2006) (citing *Jumara*, 55 F.3d at 879). The "public interests" factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty arising from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable law. *Jumara*, 55 F.3d at 879-80. The movant bears the burden of showing that transfer is warranted. *Marino*, 2002 WL 31618496, at *2.

Although the Court finds that the instant action could have been initiated in the District of Minnesota, the *Jumara* factors do not weigh in favor of a transfer. Plaintiff is a New Jersey corporation, and its preference for venue in New Jersey must be given substantial weight. *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008) ("[A] strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum."). Defendants argue that litigation in New Jersey will be highly inconvenient and financially difficult. They note that Ramada Inn at issue is located in Wisconsin, close to the Minnesota border. They have also shown that the Ramada Inn's owner-operator, SB Hotel, is incorporated in Minnesota and that Defendants A. Singh and S. Singh are Minnesota residents. Finally, Defendants have submitted a certification that three of their witnesses are located in Wisconsin and would find it difficult to travel to New Jersey to testify at trial. However, the records and witnesses concerning Plaintiff's execution of the Franchise Agreement and termination of the Franchise Agreement are located in New Jersey. Pl.'s Opp'n Br. 16, ECF No. 14. Thus, Defendants present no evidence that a change in venue would do anything other than shift the inconvenience of venue from the Defendants to Plaintiff. Additionally, the parties, as part of their contract, contemplated the relative conveniences and consented to New Jersey as an appropriate forum. Defendants' inconvenience is thus entitled to less weight than it would otherwise receive. *See Jumara*, 55 F.3d at 880 ("[A] forum selection clause is treated as a manifestation of the parties' preference as to a convenient forum.").

Moving to the public interest factors, Defendants are correct that Minnesota has an interest in this litigation, which involves Minnesota citizens operating a franchise in Wisconsin. But New Jersey has a similar countervailing interest, as this case involves a New Jersey corporation alleging that it was damaged by Defendants' contractual breach. Further, as discussed previously, permitting this action to proceed in New Jersey is not contrary to Minnesota public policy as set forth in the Minnesota Franchise Act.

On the balance, Defendants have failed to show that transfer is warranted. The Court will deny their motion under Section 1404(a).

### III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss or, alternatively, to transfer venue is **DENIED**. An appropriate order follows.

                                                /s/ William J. Martini
                                           **WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 23, 2015**