UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAMADA WORLDWIDE, INC.,** | Civ. No. 2:14-2186 (WJM) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **SB HOTEL MANAGEMENT, INC.,** *et al.*, | |
| Defendants. | |

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendant SB Hotel Management, Inc. ("SB Hotel") made pursuant to Federal Rule of Civil Procedure 55(b)(2).[1] For the reasons that follow, the motion will be **GRANTED**, without prejudice to SB Hotel moving to set aside the default should it retain corporate counsel within 30 days of this Order.

### I.   BACKGROUND

Plaintiff commenced this action on April 7, 2014, alleging that SB Hotel breached a License Agreement between the two parties. ECF No. 1. Plaintiff served the Complaint on Defendant SB Hotel on April 17, 2016. ECF No. 5. SB Hotel, though counsel, filed an answer but, in February 2016, SB Hotel's attorney withdrew as counsel. ECF No. 49. Magistrate Judge Falk ordered SB Hotel to obtain new corporate counsel no

---

[1] SB Hotel's individual owners, Amarjit Singh, Surinder Singh, and Kenwahl Singh, are also named Defendants in this action. However, because the pending motion for default judgment has been filed against the corporate Defendant (SB Hotel) alone, the Court will only addresses facts relating to the corporate Defendant.

1

later than February 17, 2016.  *Id*.  To date, no new counsel has entered an appearance on behalf of SB Hotel.

On April 8, 2016, the Clerk entered a Default against SB Hotel.  ECF No. 56.  On July 20, 2016, Plaintiff moved for default judgment against SB Hotel.  ECF No. 64.  Surinder Singh, a co-Defendant and individual owner of SB Hotel, filed a *pro se* opposition to the motion for default judgment on behalf of SB Hotel, but only to request that the Court defer its decision on whether to enter judgment against SB Hotel until after trial, and to request a 30-day continuance on the motion for default judgment to allow SB Hotel to find an attorney.  ECF No. 65.  The Court granted the 30-day continuance.  ECF No. 67.  Singh subsequently filed another *pro se* letter explaining that SB Hotel cannot afford to retain corporate counsel.  ECF No. 72.  In this letter, Singh also outlined several general defenses to Plaintiff's claims.  *Id*.

## II.      DISCUSSION

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment.  <u>First</u>, the Court finds that

there is no basis for SB Hotel to claim a meritorious defense, as Plaintiff has provided ample evidence that SB Hotel entered into and then breached a license agreement with Plaintiff. With respect to damages, Plaintiff seeks recurring fees, actual damages, and interest, as set forth in the License Agreement. Plaintiff provided documentation supporting the amount requested.

Surinder Singh, on behalf of SB Hotel, presented defenses to Plaintiff's claims; however, these defenses are not properly before this Court, since they were filed by a non-lawyer on behalf of a corporation. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." ). Accordingly, these arguments will not be considered. *See Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (corporation's co-defendant and shareholder "declined to hire counsel to represent the corporation so the district court properly struck the defenses of the corporation").

Second, it is clear that Plaintiff has been prejudiced by SB Hotel's failure to retain corporate counsel pursuant to Judge Falk's February 2016 Order, because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009).

Third, SB Hotel alone is responsible for its own failure to comply with this Court's February 2016 order to retain new counsel, despite multiple admonitions by

3

Judge Falk to do so.  And default judgment is an appropriate sanction "for failure to comply with [a Court's] unambiguous orders to obtain substitute counsel."  *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918–19 (3d Cir. 1992); *see also Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1310 (2d Cir. 1991) (Rule 55 default proper where "court was confronted by a recalcitrant party who failed to comply with its order to obtain counsel").

For the foregoing reasons and for good cause shown;

**IT IS** on this 19th day of September 2016, hereby,

**ORDERED** that Plaintiff's motion for default judgment is **GRANTED**, without prejudice to SB Hotel moving to set aside the default should it retain corporate counsel within 30 days of this Order.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**